**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Nicholas Gorman,<br><br>                    Plaintiff,<br><br>    v.<br><br>Metro Puerto Rico, LLC,<br><br>                    Defendant. | Case No:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501**<br><br>JURY TRIAL DEMAND |

Plaintiff Nicholas Gorman ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Metro Puerto Rico, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a professional extreme weather videographer who captures dramatic and powerful natural phenomena like tornadoes, hurricanes, blizzards, and floods, often by storm chasing. Plaintiff, whose work requires a combination of scientific understanding, photographic skill, and a dedication to navigating dangerous and unpredictable conditions, uses advanced forecasting knowledge, specialized equipment, and a high degree of personal risk to obtain his images.

3. Plaintiff created a video of a Tornado crossing I-80, Lincoln, Nebraska (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Upon information and belief Defendant is a for-profit media outlet that focuses on news and information of local and international news, sports, and entertainment. It primarily focuses its target audience at young professional adults in Puerto Rico and distributes a printed product in urban areas and has a website accessible to the entire internet-connected population of

1

Puerto Rico.

5. In furtherance of its business model, Defendant owns and operates a website at www.metro.pr (the "*Website*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed a discernible image from the Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff is an individual who is a citizen of the State of Illinois and maintains a principal place of business in Macoupin County, Illinois.

8. Upon information and belief, Defendant is a Limited Liability Corporation duly formed under the laws of the Commonwealth of Puerto Rico and with its principal place of business in Edificio Administración de Terrenos de Puerto Rico, Suite 101, #171 Avenida Chardón, San Juan, Puerto Rico 00918.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in San Juan, Puerto Rico.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

12. Plaintiff is a professional photographer and videographer by trade who is the legal and rightful owner of certain photographs and videos which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building his portfolio of videos and photographs.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs and videos while many others are the subject of pending copyright applications.

15. Plaintiff's works are original, creative works in which Plaintiff owns protectable copyright interests.

16. On April 26, 2024, Plaintiff first published the Video. A screengrab of the Video is attached hereto as Exhibit 1.

17. In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

18. On July 15, 2024, the Video was registered by the USCO under Registration No. PA 2-486-256.

19. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

20. Defendant is the registered owner of the Website and is responsible for its content.

21. Defendant is the operator of the Website and is responsible for its content.

22. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

23. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

24. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

25. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

26. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

27. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

28. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

29. On or about June 2, 2024, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed a discernible image from the Video on the Website (the "*Infringement*") as part of an on-line story at URL: https://www.metro.pr/estilo-vida/2024/06/02/curiosos-y-sorprendentes-datos-de-los-tornados/ . A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

30. The Infringement was intentionally and volitionally copied and stored by Defendant at URL: https://www.metro.pr/resizer/v2/XF2B3GUY2FCXJO66OMFSQVTGHQ.jpg?smart=true&auth=696491e065d4655bdd875901f5e8138a785f0a589d0df63d4241e0d0b7bb78ae&width=1440&height=810.

31. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

32. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Video.

33. Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents,

4

including but not limited to Lenys Moreno who Defendant's Website lists her as an author. (the "*Employees*").

34. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they created the Infringement.

35. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they created the Infringement.

36. Upon information and belief, the Infringement was willfully and volitionally posted to the Website by Defendant.

37. Upon information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

38. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

39. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

40. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

41. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

42. Upon information and belief, Defendant monitors the content on its Website.

43. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

44. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

45. Upon information and belief, a large number of people have viewed the unlawful copy of the Video on the Website.

46. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47. Defendant's use of the Video harmed the actual market for the Video.

48. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

49. On August 6, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

50. Thereafter, on September 5, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

51. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

52. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

53. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

54. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

55. The Video is an original, creative work in which Plaintiff owns a valid copyright.

56. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

57. Plaintiff has not granted Defendant a license or the right to use the Video in any

manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

58. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

59. Defendant's reproduction and display of the Video constitutes willful copyright infringement.

60. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority.

61. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

62. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

63. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

64. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

65. Upon information and belief, at all material times hereto, Defendant had the right

and ability to supervise and/or control the infringing conduct of its Employees, Agents, Affiliates, Vendors and/or members and declined to exercise the right and ability to supervise or control that infringing conduct despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

66. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant has continued to infringe upon Plaintiff's Video, which in turn generates profits for Defendant directly from the use of Infringement.

67. Defendant enjoyed a direct financial benefit from the Infringement from *inter alia*, advertising revenue from the increased traffic to its Website.

68. Upon information and belief, Defendant enjoyed a directed financial benefit from using the appeal or "draw" of Plaintiff's Video to increase user traffic to the Website, thereby increasing advertising revenue.

69. Defendant is liable as a vicarious infringer since it profited from the Infringement while declining to exercise a right to stop or limit it.

70. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code.

71. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

72. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

73. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

74. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre-judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: October 22, 2025

                                            **SANDERS LAW GROUP**

                                            By:   */s/ Frances Lange*
                                            Frances Lange, Esq. (USDCPR 306501)
                                            333 Earle Ovington Blvd., Suite 402
                                            Uniondale, NY 11553
                                            Tel: (516) 203-7600
                                            Email: flange@sanderslaw.group

                                            *Attorneys for Plaintiff*